David Krieger, Esq.
Nevada Bar No. 9086
Shawn Miller, Esq.
Nevada Bar No. 7825
KRIEGER LAW GROUP, LLC
2850 W. Horizon Ridge Pkwy., Suite 200
Henderson, Nevada 89052
Phone: (702) 848-3855
Email: dkrieger@kriegerlawgroup.com
Email: smiller@kriegerlawgroup.com
Attorneys for Plaintiff,
ESTHER LOPEZ

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ESTHER LOPEZ, <br><br> Plaintiff, <br> v. <br><br> LOANCARE; NEW REZ, LLC; and NEW RESIDENTIAL MORTGAGE, LLC; <br><br> Defendants. | Case No.: 2:20-cv-00229-JAD-DJA <br><br> **STIPULATION AND ORDER TO FILE FIRST AMENDED COMPLAINT** |

## STIPULATION AND ORDER TO AMEND COMPLAINT

ESTHER LOPEZ ("Plaintiff"), by and through her counsel of record, together with Defendant LOAN CARE ("LoanCare"), by and thorugh its counsel of record, (collectively the "Parties") hereby respectfully submit the following Stipulation permitting the Plaintiff to file the proposed first amended complaint ("Proposed FAC"), attached hereto as **Exhibit "1".**

In part, this case is a RESPA case and Plaintiff has alleged servicing errors on her real estate loan.  Plaintiff seeks to add two new parties in the Proposed FAC which acted as servicers or subservicers on Plaintiff's real estate loan:  (1) NEW REZ, LLC; and  (2) NEW RESIDENTIAL MORTGAGE, LLC.   The FAC   also clarifies the claims and allegations against the Defendants.

IT IS SO STIPULATED this July 2, 2020.

*/s/ Shawn W. Miller*_____
David H. Krieger, Esq.
Shawn W. Miller, Esq.
KRIEGER LAW GROUP, LLC
2850 W. Horizon Ridge Parkway,
Suite 200
Henderson, Nevada 89052

Attorneys for Plaintiff
**Esther Lopez**

*/s/ Gary E. Schnitzer*_____
Gary E. Schnitzer, Esq.
KRAVITZ, SCHNITZER &
JOHNSON, CHTD.
8985 South Eastern Avenue,
Suite 200
Las Vegas, Nevada 89123

Attorneys for Defendant
**Loan Care, LLC**

## ORDER

IT IS ORDERED that this Stipulation and Order to Amend the Complaint is hereby **GRANTED**.

IT IS FURTHER ORDERED, that the Plaintiff shall file the Proposed FAC within seven (7) of entry of this Order.

_____
Daniel J. Albregts
United States Magistrate Judge

DATED: July 6, 2020
_____

KRIEGER LAW GROUP, LLC
2850 W. Horizon Ridge Pkwy, Suite 200
Henderson, Nevada 89052

# EXHIBIT   1:

(PROPOSED FIRST AMENDED COMPLAINT)

David Krieger, Esq.
Nevada Bar No. 9086
Shawn Miller, Esq.
Nevada Bar No. 7825
KRIEGER LAW GROUP, LLC
2850 W. Horizon Ridge Pkwy.
Suite 200
Henderson, Nevada 89052
Phone: (702) 848-3855
Email: dkrieger@kriegerlawgroup.com
Email: smiller@kriegerlawgroup.com
Attorneys for Plaintiff,
ESTHER LOPEZ

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ESTHER LOPEZ,<br><br>    Plaintiff,<br><br> v.<br><br>LOANCARE; NEW REZ, LLC; and<br>NEW RESIDENTIAL MORTGAGE,<br>LLC;<br><br>    Defendants. | Case No.: 2:20-cv-00229-JAD-DJA<br><br>**FIRST AMENDED COMPLAINT**<br>**(JURY TRIAL DEMANDED)** |

For this Complaint, Plaintiff ESTHER LOPEZ, by undersigned counsel, states as follows:

## **JURISDICTION**

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this action arises under the Dodd-Frank Wall Street Reform and Consumer Protection Act(DFA), the Truth

in Lending Act (TILA), 15 U.S.C. §§ 1601, *et seq.*, and the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. §§ 2601, *et seq.*

2. This action is specifically filed to enforce regulations promulgated by the Consumer Finance Protection Bureau (CFPB) that became effective on January 10, 2014, specifically, 12 C.F.R. §§ 1024.35, *et seq.*, of Regulation X.

3. This action also arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

4. This action also arises under Nevada Revised Statutes Chapter 598.0918 ("NRS 598") and Nevada Revised Statutes Chapter 41.600 et seq. ("NRS 41.600") for Defendants' deceptive trade practices as further described herein.

5. Plaintiff alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

6. This Court has original jurisdiction over Plaintiff's RESPA/TILA and FDCPA claims pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction exists (as applicable) pursuant to 28 U.S.C. § 1367.

7. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) & (c), because Plaintiff resides within the District of Nevada, a substantial portion of the events or omissions giving rise to the claim occurred in this District, and Defendants regularly conducts business in this District.

KRIEGER LAW GROUP, LLC
2850 W. Horizon Ridge Pkwy, Suite 200
Henderson, Nevada 89052

## PARTIES

8. Plaintiff ESTHER LOPEZ ("Plaintiff") is an adult individual residing in Pahrump, Nevada.

9. Plaintiff is also an "elderly person" as defined by NRS 598.0933.

10. Defendant LOANCARE ("LoanCare") is a mortgage servicer or sub-servicer and was doing business in the State of Nevada at all times herein.

11. Upon information and belief, Defendant NEW REZ ("NewRez") is a foreign limited liability company engaged in mortgage servicing or sub-servicing and was doing business in the State of Nevada at all times herein.

12. Upon information and belief, Defendant NEW RESIDENTIAL MORTGAGE ("NRM") is a foreign limited liability company engaged in mortgage servicing or sub-servicing and was doing business in the State of Nevada at all times herein.

## LOAN SERVICING

13. Plaintiff is the owner of real property located at and commonly known as 71 E. Calvada Blvd, Pahrump, NV 89048 ("Property").

14. Plaintiff, at all times relevant, has maintained and currently maintains the Property as Plaintiff's primary, principal residence.

15. Plaintiff has a mortgage loan on the Property, evidenced by a promissory note ("Note") and secured by a deed of trust interest ("DOT"), which shall collectively be referred to herein as the "Loan."

KRIEGER LAW GROUP, LLC
2850 W. Horizon Ridge Pkwy., Suite 200
Henderson, Nevada 89052

16. The Loan was incurred to purchase the Property and as such, was primarily incurred for family, personal or household purposes.

17. Accordingly, the Loan meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

18. Upon information and belief, in 2019, New Residential Investment Corp., a real estate investment trust company, acquired selected assets from Ditech Financial, including a mortgage servicing rights portfolio.

19. The servicing rights on Plaintiff's mortgage Loan was one of the assets that was transferred from Ditech Financial to New Residential Investment Corp. as part of the acquisition.

20. Upon information and belief, New Residential Investment Corp. did not keep the servicing rights to Plaintiff's Loan but transferred the servicing rights to NRM, one of its subsidiaries or affiliates.

21. Upon information and belief, NRM is principally responsible for the servicing of the Loan and engaged or employed the services of LoanCare and NewRez as agents and entities to act as sub-servicers of the Loan.

22. As such, NRM via *respondeat superior* is legally responsible, in whole or in part, for the acts and omissions of its agents LoanCare and NewRez  as it relates to the servicing of the Loan.

23.  Upon information and belief, LoanCare and NewRez are agents of NRM and acting on behalf of or at the direction of NRM, and are affiliates, subsidiaries or part of a corporate family structure created, at least in part, to service loans.

24. On or about April 15, 2019, Plaintiff received correspondence from LoanCare, dated April 10, 2019, indicating that servicing of the Loan had transferred from Ditech Financial to LoanCare, effective April 1, 2019.

25. On or about April 25, 2019, Plaintiff received a mortgage statement from NewRez, dated April 16, 2019, stating that the Loan was in default and demanding payment in the amount of $2,246.08, including an "unpaid amount" of $1,952.32.

26. The April 25, 2019 mortgage statement from NewRez also stated that the Loan is subserviced by LoanCare on behalf of NRM.

27. The April 25, 2019 mortgage statement from NewRez (along with all subsequent mortgage statements) notified Plaintiff that any "Notices of Error" or "Requests for Information" should be sent to the following address (hereinafter, the "Designated Address"):

> LoanCare
> Attn:  Mortgage Resolution
> P.O. Box 8068
> Virginia Beach, VA 23450

28. At the time the Defendants acquired the servicing rights in the Loan, Defendants asserted that the Loan was in default in an amount in excess of $1,200.00.

29.  Accordingly, the Defendants are, and at all times herein were, acting as

KRIEGER LAW GROUP, LLC
2850 W. Horizon Ridge Pkwy, Suite 200
Henderson, Nevada 89052

KRIEGER LAW GROUP, LLC
2850 W. Horizon Ridge Pkwy, Suite 200
Henderson, Nevada 89052

default mortgage servicers for the Loan and were at all relevant times herein acting as a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

30. In January 2013, the CFPB issued a number of final rules concerning mortgage markets in the United States, pursuant to the DFA, Public Law No. 111-203, 124 Stat. 1376 (2010).

31. Specifically, on January 17, 2013, the CFPB issued the RESPA (Regulation X) and TILA (Regulation Z) Mortgage Servicing Final Rules, 78 F.R. 10901 (February 14, 2013) and 78 F.R. 10695 (Regulation X) (February 14, 2013), which became effective on January 10, 2014.

32. The Loan in the instant matter is a "federally related mortgage loan" as said term is defined by 12 C.F.R. § 1024.2(b).

33. Defendants are subject to the aforesaid Regulations and do not qualify for the exception for "small servicers", as such term is defined in 12 C.F.R. § 1026.41(e)(4), nor do Defendants qualify for the exemption for a "qualified lender", as such term is defined in 12 C.F.R. § 617.700.

34. Plaintiff is asserting claims for relief against Defendants for breaches of specific rules under Regulation X and Regulation Z, as set forth, *infra*.

35. Mortgage "Servicing" means (among other things) using consumer reports and furnishing information to consumer reporting agencies. See *FTC v. Green Tree Servicing, LLC*, Case No. 0:15-cv-02064-SRN-JSM, Doc. No. 5 at p. 7 (D. MN. April 23, 2015).

36. Plaintiff has a private right of action under RESPA pursuant to 12 U.S.C. § 2605(f) for the claimed breaches and such action provides for remedies including actual damages, costs, statutory damages, and attorneys' fees.

37. Additionally, Defendants have attempted to collect on the Loan and therefore engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

## THE RESPA VIOLATIONS

38. Despite numerous statements, default notices, and collection letters from the Defendants, Plaintiff has tendered every payment owed on the Loan, on time, and the Loan should show the Plaintiff is current on the Loan.

39. Accordingly, on or about May 18, 2019, Plaintiff (through counsel) sent correspondence to LoanCare, the designated agent to receive Notices of Error and Requests for Information.

40. Plaintiff's correspondence was captioned or otherwise titled "Notice of Error Pursuant to 12 C.F.R. § 1024.35(b); and Request for Information Pursuant to 12 C.F.R. § 1024.36" ("NOE 1").

41. NOE 1 was sent via certified mail to the Designated Address.

42. NOE 1 requested the following information from Defendants: (a) the identity and address for the master servicer, current servicer, and current owner of the Loan; (b) current payoff balance, (c) a life of loan mortgage transactional

KRIEGER LAW GROUP, LLC
2850 W. Horizon Ridge Pkwy, Suite 200
Henderson, Nevada 89052

KRIEGER LAW GROUP, LLC
2850 W. Horizon Ridge Pkwy, Suite 200
Henderson, Nevada 89052

history along with a plain English description of any codes in the account history; and (d) the servicing notes related to the Loan.

43. Additionally, NOE 1 also described three errors that needed to be corrected with regard to the Loan: (a) Defendants were including the name of Joe Lopez, Plaintiff's deceased spouse, on Defendants' notices and statements, causing Plaintiff to relive hard memories of his passing and requested that Defendants remove the name of Joe Lopez from future communications; (b) Defendants were sending Plaintiff's account statements to Haines & Krieger, LLC and Plaintiff requested that practice be discontinued and that statements be sent directly to Plaintiff; and (c) Plaintiff notified Defendants that the Loan accounting was in error because it failed to account for all of Plaintiff's payments, including the April 2019 Payment, and Plaintiff requested that any fees, charges or expenses incurred as a result of the errors should be removed from Plaintiff's account.

44. Defendant LoanCare received NOE 1 on May 24, 2019 at the Designated Address, as seen below:



45. Defendants failed to acknowledge receipt of NOE 1, as required.

46. Defendants failed to provide a substantive response to the request for information in NOE 1 within thirty (30) judicial days, including failing to provide the

information requested by Plaintiff, failing to provide a written objection to the information requested by Plaintiff, and failing to provide any response at all to the information requested by Plaintiff in NOE 1.

47. Defendants also failed to provide a substantive response to the notice of errors in NOE 1 within thirty (30) judicial days, including failing to correct or respond to the servicing errors Plaintiff raised in NOE 1, failing to provide a written objection to the servicing errors Plaintiff raised in NOE 1, and failing to provide any response at all regarding the servicing errors raised by Plaintiff in NOE 1.

48. Because Defendants failed to respond at all to NOE 1, on or about June 25, 2019, Plaintiff sent additional correspondence to LoanCare, the designated agent to receive requests for information and notices of error.

49. Plaintiff's second letter was captioned or otherwise titled "Second Notice of Error pursuant to 12 C.F.R. § 1024.35(b); and Second Request for Information pursuant to 12 C.F.R. §1024.36" ("NOE 2").

50. NOE 2 was sent via certified mail to the Designated Address.

51. NOE 2 requested the same information that Plaintiff had requested in NOE 1 as detailed above, and Plaintiff demanded that Defendants not ignore her requests for information and provide a response.

KRIEGER LAW GROUP, LLC
2850 W. Horizon Ridge Pkwy, Suite 200
Henderson, Nevada 89052

52. NOE 2 also requested the correction of the same errors outlined and described in NOE 1 as detailed above, and Plaintiff demanded that Defendants not ignore her notices of error and provide a response.

53. Defendants received NOE 2 on July 1, 2019 at its Designated Address, as seen below:



54. In response to the requests for information set forth in NOE 2, Defendants did provide Plaintiff with a payoff statement and also provided Plaintiff with the identity of the Loan servicers.

55. However, without objection, explanation or excuse, Defendants again failed to provide Plaintiff with a complete life of loan mortgage transaction history as requested in NOE 2, instead providing a one page "Account History" that only included eleven (11) transactions on the Loan.  The purported "Account History" was missing years of payments and transactions on the Loan and was useless in determining why the Defendants were reporting the Loan in default.  Defendants did not provide a written objection to producing a complete life of loan history and essentially provided no meaningful response at all.

KRIEGER LAW GROUP, LLC
2850 W. Horizon Ridge Pkwy, Suite 200
Henderson, Nevada 89052

56. In response to Plaintiff's request for the Loan servicing notes in NOE 2, the Defendants ignored the request completely. The Defendants failed to provide the servicing notes, failed to provide a written objection as to why the servicing notes were not provided, and failed to respond at all to Plaintiff's request for servicing notes in NOE 2.

57. Defendant also failed to provide a proper, substantive response to the notice of errors raised in NOE 2, correct the errors raised in NOE 2, or provide a proper objection to the servicing errors raised in NOE 2.

58. Rather than respond to any of the notice of errors raised in NOE 2, LoanCare dismissively ignored the issues, claiming Plaintiff did not "clearly identify the alleged servicing error."

59. Additionally, despite having been designated as the entity to whom requests for information and notices of error should be sent, LoanCare attempted to side-stepped its obligations by claiming that "because LoanCare is the sub-servicer of the mortgage, we are limited to answering questions related specifically to the servicing of the mortgage. New Residential Mortgage may be able to address origination questions." LoanCare did not even identify what errors it thought were "origination questions."

60. After receiving NOE 2, Defendants continued to include Plaintiff's deceased husband's name on their written communications to Plaintiff multiple times.

61. After receiving NOE 2, Defendants continued to mail account statements, notifications and communications to Haines & Krieger, LLC instead of to Plaintiff multiple times.

62. After receiving NOE 2, Defendants failed to account for all of Plaintiff's payments and continued to report missing payments, past due amounts, and unpaid balances on the Loan account.

63. In fact, instead of responding to Plaintiff in a meaningful way in an effort to correct the servicing errors and accurately applying all of Plaintiff's payments to the Loan, the Defendants doubled downed, sending Plaintiff multiple default notices.

64. Between April 2019 and January 2020, Defendants sent no less than nine (9) default notices to Plaintiff, erroneously claiming Plaintiff was in default on the Loan and threatening to foreclose on the Property and terminate Plaintiff's ownership in her home.

65. In one last attempt to obtain information and resolve the ongoing servicing errors on the Loan, Plaintiff (yet again) mailed a third letter to Defendants captioned or otherwise titled "Third Notice of Error pursuant to 12 C.F.R. § 1024.35(b); and Third Request for Information pursuant to 12 C.F.R. §1024.36" ("NOE 3").

66. NOE 3 was sent via certified mail to the Designated Address.

67. In NOE 3, Plaintiff again outlined the servicing errors, including that Defendants had failed to remove the name of her deceased spouse from notices and communications, had failed to send her account statements and notices directly to Plaintiff

KRIEGER LAW GROUP, LLC
2850 W. Horizon Ridge Pkwy, Suite 200
Henderson, Nevada 89052

rather than Haines & Krieger, LLC, and that Plaintiff had paid all payments on the Loan on time and that Defendants needed to review and properly account for her payments.

68. In NOE 3, Plaintiff again requested the complete life of loan history and the servicing notes so that she could pinpoint the accounting errors Defendants were making on the Loan.

69. Defendants received NOE 3 August 30, 2019, as seen below:



70. Defendants failed (or refused) to acknowledge receipt of NOE 3 within five (5) business days.

71. To date, Defendants have completely ignored NOE 3, failing to respond to the substantive requests for information and notice of errors at all, failing to provide any objections or reasons why Defendants could not comply with NOE 3, failing to provide any of the information requested (including a complete life of loan history and account servicing notes), failing to correct any of the errors in NOE 3, and failing to respond at all.

72. Remarkably, after receiving NOE 3 Defendants have continued on numerous occasions to send written communications and statements to Plaintiff still showing the name of Plaintiff's deceased spouse, Joe Lopez.

73. After receiving NOE 3, Defendants have continued on numerous occasions to send written communications and statements to Haines & Krieger, LLC rather than directly to Plaintiff.

74. After receiving NOE 3, Defendants have failed to correct the Loan accounting, continuing to send erroneous default notices and making onerous demands that Plaintiff pay amounts that are not due, including but not limited to the following:

| | |
|---|---|
| August 19, 2019 | $1,338.90 |
| September 18, 2019 | $1,353.90 |
| October 21, 2019 | $1,596.18 |
| October 21, 2019 | $1,368.90 |
| November 18, 2019 | $1,380.89 |
| December 19, 2019 | $1,395.89 |

75. Additionally, Defendants have assessed Plaintiff with Loan charges, fees and expenses that were not justified or warranted but were based on concocted past due balances and sham defaults conjured up out of nothing by the Defendants.

76. As a result, Defendants acted improperly in regards to its servicing of the Loan, or in its dealings with the Loan, by engaging in the following acts:

- Failing to properly account for all payments Plaintiff made in satisfaction of her obligations on the Loan;

- Improperly alleging Plaintiff is in default of obligations on the Loan;

- Failing to supply requested information in a timely manner that would enable Plaintiff to discover the root cause of the problems with the servicing of the Loan as required under 12 CFR § 1024.36;

- Failing to correct errors in the servicing of the Loan of which Plaintiff has put Defendant on notice;

KRIEGER LAW GROUP, LLC
2850 W. Horizon Ridge Pkwy, Suite 200
Henderson, Nevada 89052

- Ignoring or failing to respond to properly served requests for information and notices of error;

- Mischaracterizing the correct amount due on the Loan by providing multiple payoff statements, each stating an incorrect amount due to satisfy the Loan, and thus violative of both the FDCPA and Reg XZ; and

- Assessing improper, wrongful, or otherwise unwarranted fees, charges and expenses on the Loan including, but not limited to numerous late fees, corporate advances, inspection fees, and other miscellaneous items.

77. All attempts and requests Plaintiff made to Defendants to have her mortgage servicing corrected have fallen on deaf ears and any response Defendants have supplied has been dismissive, vague, or otherwise unhelpful. Indeed, Plaintiff's recent monthly statements continue to erroneously state she is in arrears and owes late fees and other default charges, which are not owed.

78. Rather than properly responding to attempts and requests Plaintiff has made to correct Defendants' errors, Defendants responded with threats of foreclosure by and through its correspondence.

79. Moreover, Defendants' improper actions have caused Plaintiff to incur costs, fees, and lost time in attempting to correct the errors and mistakes on the Loan. For example, each of the certified mailings described above was a separate expense associated with Plaintiff seeking correction of these issues with Defendants.

KRIEGER LAW GROUP, LLC
2850 W. Horizon Ridge Pkwy, Suite 200
Henderson, Nevada 89052

KRIEGER LAW GROUP, LLC
2850 W. Horizon Ridge Pkwy, Suite 200
Henderson, Nevada 89052

80. Defendants' wrongful and willful actions have caused Plaintiff to suffer emotional distress driven by the fear she might lose her home and be forced from her family home despite making all her timely monthly payments. Defendants are wrongfully alleging Plaintiff to be in default, which has resulted in anxiety, depression, embarrassment, fear, frustration, anger, loss of sleep, loss of appetite, chest pains, headaches, feelings of helplessness and intimidation, illness, medical expenses, rage, and other emotional distress, as well as out of pocket expenses to dispute Defendants' mistakes. As a result, Plaintiff has sought clinical treatment.

81. All attempts and requests for Defendants to correct its continued misapplication of Plaintiff's payments or provide a complete and accurate accounting of those payments have fallen on deaf ears, and Defendants continue to threaten foreclosure.

82. Defendants continue to harass and assess inappropriate and unwarranted fees on Plaintiff's mortgage account; fees which are a direct result of their own servicing errors.

83. Defendants continues to send improper and erroneous monthly mortgage statements, which misstate both the amount of Plaintiff's current amount due as well as the amount necessary to pay off the Loan.

# THE FDCPA VIOLATIONS

84. As described above, Defendants have engaged in a persistent campaign of deceptive and harassing collection abuse against Plaintiff in its attempts to collect the Loan.

85. Defendants sent Plaintiff multiple default notices and collection letters regarding the Loan in which Defendants misrepresented the amount actually owed and falsely threatening that Plaintiff is at risk of losing the Property due to the falsely alleged failure to make timely payments on the Loan.

86. Each of Defendants' collection communications received within the twelve months prior to filing the instant complaint contained language clearly stating "This Communication is from a Debt Collector".

87. As more fully described above, the defaults Defendants claimed against Plaintiff were actually the result of Defendants' own servicing errors and failures to properly apply Plaintiff's payments, not Plaintiff's failure to make timely payments. As a result, Defendants' payment demands and threats of foreclosure were baseless, false and misrepresented the status of the Loan and Defendants' legal rights to collect.

88. As a result of Defendants' illegal conduct in attempting to collect the Loan, Plaintiff suffered severe emotional distress. Plaintiff suffered increased stress and anxiety, to the point she is reluctant to leave her home. Plaintiff's increased stress manifested in

KRIEGER LAW GROUP, LLC
2850 W. Horizon Ridge Pkwy, Suite 200
Henderson, Nevada 89052

various symptoms, including rashes, physical and mental fatigue, loss of appetite, heart and chest pains, and intense depression. Plaintiff has sought medical treatment for these conditions, and has incurred out of pocket expenses for treatment and medications to combat them, as well as lost time spent with friends and family, gas costs and other out of pocket expenses, in dealing with these collection violations.

## VIOLATIONS OF NRS 598 *ET SEQ*

89. Nevada Revised Statutes 598 governs deceptive trade practices in Nevada.

90. Pursuant to NRS 598.0915(15),

> A person engages in a "deceptive trade practice" if, in the course of his or her business or occupation, he or she:
> …
>
> (15) Knowingly makes any other false representation in a transaction.

91. Further, NRS 598.092(8) states

> A person engages in a "deceptive trade practice" when in the course of his or her business or occupation he or she:
>
> (8) Knowingly misrepresents the legal rights, obligations or remedies of a party to a transaction.

92. As stated in NOE 3 "Mrs. Lopez is **elderly and widowed**. She is **over seventy (70)** years old and these notices are causing her considerable distress." (emphasis in original)

KRIEGER LAW GROUP, LLC
2850 W. Horizon Ridge Pkwy, Suite 200
Henderson, Nevada 89052

93. In the instant case, Defendants made numerous false representations regarding the Loan and Plaintiff's rights and obligations thereunder discussed, *supra* and preyed on her elderly and infirm status.

94. Specifically, Defendants threatened to foreclose on the Property and terminate Plaintiff's ownership in her home, representing that the Loan was in default (when it was not) and that Plaintiff was behind on her payments (when she was not). Defendants also demanded Plaintiff pay more than was actually due on the Loan.

95. Defendants were aware at all times herein that Plaintiff was an elderly or vulnerable person, and seized an opportunity to illicit illegal and improper fees and charges given her infirm status.

96. Since Plaintiff is an "Older person" pursuant to Nevada Revised Statutes (NRS) 41.1395(4)(d), Defendants' conduct violated NRS 41.1395.

97. Plaintiff is thus entitled to twice actual damages from Defendants as a result of their conduct.

98. Plaintiff is also an "Older person" as defined by NRS 598.0933. Defendants' conduct thus violated NRS 598.0973, and Plaintiff is entitled to $12,500.00 in statutory damages for Defendant's conduct.

99. Defendants' actions violated NRS 598.0973 as Defendants:

    a. knew Plaintiff was a "elderly person";

KRIEGER LAW GROUP, LLC
2850 W. Horizon Ridge Pkwy, Suite 200
Henderson, Nevada 89052

b. engaged in conduct in disregard of Plaintiff's rights by seeking to collect monies knowingly not owed as well as punitively collecting through the false threat of an illegal foreclosure;

c. knew or should have known that its conduct was directed toward an elderly person (Plaintiff);

d. caused Plaintiff to suffer actual and substantial physical, emotional or economic damage as discussed herein and to be set forth more fully at trial;

e. caused Plaintiff to suffer mental anguish;

f. caused Plaintiff to suffer emotional anguish; and also

g. caused Plaintiff the loss of assets which are essential to the health and welfare of Plaintiff, such as her home and emotional health.

### COUNTS 1 THROUGH 3: VIOLATIONS OF 12 C.F.R. § 1024.36(d)
**(Failure to respond in a timely manner to a request for information issued pursuant to 12 C.F.R. § 1024.36)**

100. Plaintiff restates and incorporates herein all of the statements and allegations contained in the preceding paragraphs in their entirety, as if fully rewritten.

101. 12 C.F.R. § 1024.36(a) provides, in relevant part, that a request for information may consist of "any written request for information from a borrower that includes the name of the borrower, information that enables the servicer to identify the borrower's mortgage loan account, and states the information the borrower is requesting with respect to the borrower's mortgage loan."

102. Comment 1 of the Official Interpretations of the CFPB to 12 C.F.R. § 1024.36(a) provides that "[a]n information request is submitted by a borrower if the information request is submitted by an agent of the borrower."

103. 12 C.F.R. § 1024.36(d)(1) provides, in relevant part, that:

[A] servicer must respond to an information request by either:

(i) Providing the borrower with the requested information and contact information, including a telephone number, for further assistance in writing; or

(ii) Conducting a reasonable search for the requested information and providing the borrower with a written notification that states that the servicer has determined that the requested information is not available to the servicer, provides the basis for the servicer's determination, and provides contact information, including a telephone number, for further assistance

104. Furthermore, 12 C.F.R. § 1024.36(d)(2)(i) provides that:

A servicer must comply with the requirements of paragraph (d)(1) of this section:

(A)    Not later than 10 days (excluding legal public holidays, Saturdays, and Sundays) after the servicer receives an information request for the identity of, and address or other relevant contact information for, the owner or assignee of a mortgage loan; and

(B)    For all other requests for information, not later than 30 days (excluding legal public holidays, Saturdays, and Sundays) after the servicer receives the information request.

105. Plaintiff sent three requests for information (NOE 1, NOE 2, NOE 3)to Defendants on or about May 18, June 25, and July 19, 2019.  Plaintiff sent each request

KRIEGER LAW GROUP, LLC
2850 W. Horizon Ridge Pkwy, Suite 200
Henderson, Nevada 89052

KRIEGER LAW GROUP, LLC
2850 W. Horizon Ridge Pkwy., Suite 200
Henderson, Nevada 89052

for information to Defendants at the Designated Address, an address self-designated by Defendants for the receipt of such correspondence pursuant to 12 C.F.R. § 1024.36(b).

106. Each request for information, in part, constituted a request for information pursuant to 12 C.F.R. § 1024.36(a) as each requested information "with respect to the borrower's mortgage loan."

107. Defendants received all three requests for information as described above at the Designated Address.

108. Defendants were required to provide written notice to Plaintiffs that each request for information was received by Defendants within five (5) days (excluding legal public holidays, Saturdays, and Sundays).

109. Defendants failed to send written notice that NOE 1 and NOE 3 had been received.

110. Pursuant to 12 C.F.R. § 1024.36(d)(2)(i)(B), Defendants were required to provide a substantive written correspondence to Plaintiff in response to the requests for information "not later than 30 days (excluding legal public holidays, Saturdays, and Sundays) after the servicer receives the information request" ("RFI Response Deadlines").

111. As detailed above, Defendants completely failed to respond at all to NOE 1 and NOE 3, let alone within the RFI Response Deadlines.

112. Additionally, Defendants failed to provide any meaningful response to Plaintiff's request for a complete life of loan history and request for the Loan servicing notes in NOE 2 at all, let alone within the RFI Response Deadlines.

113. To date, Defendants have never sent an objection to the information requested in NOE 1, NOE 2, and NOE 3 or any other written reason why Defendants could not comply with the requests for information in NOE 1, NOE 2, and NOE 3.

114. Defendants therefore failed to comply with the requirements of 12 C.F.R. § 1024.36(d)(1).

115. Defendants' actions in completely ignoring two of the three requests for information and completely failing to provide a life of loan history and servicing notes without cause, excuse or objection constitutes a willful violation of 12 C.F.R. § 1024.36(d).

116. Defendants' actions also constitute a pattern and practice of ignoring and failing to comply with their RESPA obligations in conscious disregard for Plaintiff's rights.

117. As a result of Defendant's actions, Defendant is liable to Plaintiff for actual damages, statutory damages, costs, and attorneys' fees.

**COUNTS 4 THROUGH 6: VIOLATIONS OF 12 C.F.R. § 1024.35(e)**
**(Failure to properly respond to notices of error issued pursuant to 12 C.F.R. § 1024.35)**

118. Plaintiff restates and incorporates herein all of the statements and allegations contained in the preceding paragraphs in their entirety, as if fully rewritten.

119. 12 C.F.R. § 1024.35(a) provides, in relevant part, that "[a] servicer shall comply with the requirements of this section for any written notice from the borrower that asserts an error and that includes the name of the borrower, information that enables the servicer to identify the borrower's mortgage loan account, and the error the borrower believes has occurred."

120. 12 C.F.R. § 1024.35(e)(1)(i) provides that a servicer must respond to a notice of error by either:

(A) Correcting the error or errors identified by the borrower and providing the borrower with a written notification of the correction, the effective date of the correction, and contact information, including a telephone number, for further assistance; or

(B) Conducting a reasonable investigation and providing the borrower with a written notification that includes a statement that the servicer has determined that no error occurred, a statement of the reason or reasons for this determination, a statement of the borrower's right to request documents relied upon by the servicer in reaching its determination, information regarding how the borrower can request such documents, and contact information, including a telephone number, for further assistance.

121. Further, 12 C.F.R. § 1024.35(e)(3)(i) provides, in relevant part:

A servicer must comply with the requirements of paragraph (e)(1) of this section:

(A)    Not later than seven days (excluding legal public holidays, Saturdays, and Sundays) after the servicer receives the notice of error for errors asserted under paragraph (b)(6) of this section.

(B)    Prior to the date of a foreclosure sale or within 30 days (excluding legal public holidays, Saturdays, and Sundays) after the servicer receives the notice of error, whichever is earlier, for errors asserted under paragraphs (b)(9) and (10) of this section.

(C)    For all other asserted errors, not later than 30 days (excluding legal public holidays, Saturdays, and Sundays) after the servicer receives the applicable notice of error.

122. Plaintiff sent three separate notices of error (NOE 1, NOE 2 and NOE 3) to Defendants on or about May 18, 2019, June 24, 2019, and July 19, 2019 to the Designated Address.

123. Defendants received NOE 1, NOE 2 and NOE 3.

124. NOE 1, NOE 2 and NOE 3 each constituted a notice of error as such term is defined in 12 C.F.R. § 1024.35(a).

125. To date, Defendants have failed to respond to NOE 1 and NOE 3, failed to correct the errors set forth in NOE 1 and NOE 3, failed to object to NOE 1 and NOE 3, and failed to provide any justification, cause or excuse why Defendants could not correct the errors set forth in NOE 1 and NOE 3.

126. To date, Defendants have failed to respond to NOE 2 in any substantive or meaningful way, simply stating that Defendants did not understand the errors and

KRIEGER LAW GROUP, LLC
2850 W. Horizon Ridge Pkwy, Suite 200
Henderson, Nevada 89052

suggesting that Plaintiff contact another entity for information. Defendants failed to correct the errors set forth in NOE 2, failed to raise any substantive objections to NOE 2, and have continued to send notices and statements in the name of Plaintiff's deceased spouse, have continued to send notices and statements addressed to Haines & Krieger, LLC instead of directly to the Plaintiff, and have failed to correct the account on the Loan and apply all of Plaintiff's payments to the Loan.

127. Further, at no point in time did Defendants provide a response to NOE 1, NOE 2 or NOE 3 explaining that no error(s) occurred with an explanation as to the reason(s) for such determination(s) after performing a reasonable investigation into such pursuant to 12 C.F.R. § 1024.35(e)(1)(i)(B).

128. Defendants' actions, in failing to provide a response at all to NOE 1 and NOE 3, and failing to provide a proper response to NOE 2 failed to meet the express, explicit requirements of either 12 C.F.R. § 1024.35(e)(1)(i)(A) or 12 C.F.R. § 1024.35(e)(1)(i)(B).

129. Defendants' actions in completely ignoring NOE 1 and NOE 3 and in response to NOE 2 completely fail to correct, address or investigate the errors, constitutes a willful violation of 12 C.F.R. § 1024.35(e).

130. Defendants' actions constitute a pattern and practice of ignoring and failing to comply with their RESPA obligations in conscious disregard for Plaintiff's rights.

131. As a result of Defendant's actions, Defendant is liable to Plaintiff for actual damages, statutory damages, costs, and attorneys' fees.

## COUNT 7: VIOLATIONS OF 15 U.S.C. § 1692
### (The Fair Debt Collection Practices Act)

132. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

133. Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of a debt.

134. Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants engaged in false, deceptive, or misleading behavior in connection with the collection of a debt.

135. Defendants' conduct violated 15 U.S.C. § 1692e(2) in that Defendants misrepresented the amount owed by Plaintiff, and attempted to have Plaintiff pay more than owed.

136. Defendants' conduct violated 15 U.S.C. § 1692e(5) in that Defendants threatened to take action against Plaintiff which it could not legally take or did not intend to take in collection of a debt.

137. Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed various false representations and deceptive means to collect a debt.

138. Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt and attempted to humiliate and belittle Plaintiff.

KRIEGER LAW GROUP, LLC
2850 W. Horizon Ridge Pkwy, Suite 200
Henderson, Nevada 89052

139. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

140. Plaintiff is entitled to damages as a result of Defendants' violations.

141. Plaintiff has been required to retain the undersigned as counsel to protect her legal rights to prosecute this cause of action, and is therefore entitled to an award or reasonable attorneys' fees plus costs incurred.

## COUNT 8: VIOLATIONS OF NRS 598 *ET SEQ*

142. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

143. Defendants violated the provisions of NRS 598 *et seq* cited above.  As a result, Defendants are liable to Plaintiff for any damages Plaintiff suffered as a result of their conduct.

144. Defendants caused Plaintiff to suffer injuries as a result of its illegal conduct; specifically, Plaintiff has suffered, and continues to suffer, emotional and economic distress as a result of Defendants' deceptive trade practices.

145. Defendants' actions were willful and unjustified, and resulted in injuries and mental anguish to Plaintiff.

146. Specifically, as a direct consequence of Defendants' acts, practices, and conduct, Plaintiff suffered, and continues to suffer from, anxiety, severe emotional distress, depression, fatigue, chest pains, rashes, frustration, feelings of helplessness,

KRIEGER LAW GROUP, LLC
2850 W. Horizon Ridge Pkwy, Suite 200
Henderson, Nevada 89052

weight loss, and worry, as well as out of pocket expenses in paying for medical treatment and medication to treat these symptoms.

147. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has therefore suffered damages.

## COUNT 9: VIOLATIONS OF NRS 41.1395

148. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

149. Plaintiff is an "older or vulnerable" person as defined by NRS 41.1395.

150. Defendants caused Plaintiff to suffer injuries as a result of its illegal conduct; specifically, Plaintiff suffered, and continues to suffer, emotional and economic distress as a result of Defendants' deceptive trade practices, false collection communications and false threats of foreclosure.

151. Defendants' actions were willful and unjustified, and resulted in injuries and mental anguish to Plaintiff.

152. Specifically, as a direct consequence of Defendants' acts, practices, and conduct, Plaintiff suffered and continues to suffer from anxiety, severe emotional distress, depression, fatigue, chest pains, rashes, frustration, feelings of helplessness, weight loss, and worry, as well as out of pocket expenses in paying for medical treatment and medication to treat these symptoms.

KRIEGER LAW GROUP, LLC
2850 W. Horizon Ridge Pkwy, Suite 200
Henderson, Nevada 89052

153. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has therefore suffered damages.

## **COUNT 10**

154. Plaintiff made timely payments pursuant to a Loan agreement, which Defendants received.

155.  Defendants breached the Loan by failing to apply the payments and abide by the Loan terms and properly apply payments to the Loan as agreed per the Loan terms.

156. Defendant has denied or failed to honor the Loan and instead, generated profit for itself by charging late and default fees in breach of the Loan, and thereby breached the contract between Plaintiff and Defendants.

157. Plaintiff performed all obligations under the Loan; however Defendants breached the Loan agreement.

158. As a result of these breaches, Plaintiff sustained the following damages, to be proven at trial, including, but not limited to:

    a.  Increased amounts of the principal balance of the Loan;

    b.  Increased amounts of mortgage payments over the course of the Loan;

    c.  Late fees and the improper application of principal payments improperly used to service those fees;

159. As a direct and proximate result of Defendants' breach of the Loan, Plaintiff did not receive the benefit of the bargain, suffered damages, and is faced with additional

KRIEGER LAW GROUP, LLC
2850 W. Horizon Ridge Pkwy, Suite 200
Henderson, Nevada 89052

harm (foreclosure) in an amount to be determined at trial.

## **COUNT 11**

### **(Breach of Implied Covenant of Good Faith And Fair Dealing)**

160. Every contract contains an implied covenant requiring that neither party act to disrupt the other's ability to enjoy the benefit of the bargain. Furthermore, where a contract provides one of the Parties with discretion or sole authority to carry out obligations under the agreement for the benefit of the other Party, the Party enjoying such discretion and authority may not abuse it or exercise it in such a manner so as to deprive the other Party of the benefits of the contract.

161. Defendants breached the implied covenant of good faith and fair dealing contained in the Loan.

162. Defendants further breached the implied covenant of good faith and fair dealing by, *inter alia:*

    a.  failing to make a good faith effort to fulfill contractual obligations, written and implied promises, and loan servicing functions and apply Plaintiff's payments to the Loan;

    b.  failing to allocate sufficient resources and to train competent and knowledgeable staff in order to ensure accurate processing of payments made pursuant to a valid and existing loans agreement; and

KRIEGER LAW GROUP, LLC
2850 W. Horizon Ridge Pkwy, Suite 200
Henderson, Nevada 89052

c. demanding late fees, interest and other delinquency related fees from Plaintiff in excess of the original monthly mortgage payment amount that Plaintiff could not reasonably pay;

d. threatening and placing Plaintiff in a threat of foreclosure despite Plaintiff's timely payments under the Loan and numerous efforts to bring these errors to Defendants' attention.

163. Defendants intentionally and continuously acted in a manner so as to frustrate Plaintiff's ability to make continued and timely payments pursuant to the terms of the Loan by which Defendants were obligated to abide.

164. By failing to honor the terms of the Loan, Defendants abused their authority under the Loan, frustrated Plaintiff's ability to obtain the benefits of the Loan, and thus breached the implied covenant of good faith and fair dealing.

165. As a direct result of Defendants' breaches of the implied covenant of good faith and fair dealing, Plaintiff suffered damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays judgment be entered against Defendants, awarding Plaintiff:

- actual damages pursuant to 12 U.S.C. § 2605(f)(1);

- statutory damages pursuant to 12 U.S.C. § 2605(f)(2) for each and every violation discussed above;

- costs of litigation and reasonable attorney's fees pursuant to 12 U.S.C. § 2605(f)(3);

- actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

- statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

- actual damages pursuant to NRS 598 *et seq*;

- punitive damages pursuant to NRS 598.0977;

- two (2) times any actual damages pursuant to NRS 41.1395;

- punitive damages for bad faith; and

- any other legal or equitable relief that the court deems appropriate.

## TRIAL BY JURY

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: ~~June 24~~, 2020

/s/ Shawn W. Miller
David H. Krieger, Esq.
Nevada Bar No. 9086
Shawn W. Miller, Esq.
Nevada Bar No. 7825
KRIEGER LAW GROUP, LLC
2850 W. Horizon Ridge Pkwy., Ste 200
Henderson, Nevada 89052
Attorney for Plaintiff
ESTHER LOPEZ

KRIEGER LAW GROUP, LLC
2850 W. Horizon Ridge Pkwy, Suite 200
Henderson, Nevada 89052

**CERTIFICATE OF SERVICE**

I hereby certify that I served the above FIRST AMENDED COMPLAINT (JURY TRIAL DEMANDED)  via the Court's Electronic Case Filing (ECF) system to the following:

gschnitzer@ksjattorneys.com
Gary E. Schnitzer, Esq.
KRAVITZ, SCHNITZER & JOHNSON, CHTD.
8985 South Eastern Avenue, Suite 200
Las Vegas, Nevada  89123

All other Parties to be served via service of process.  I declare under penalty of perjury under the laws of the State of Nevada and the United States that the above is true and correct.  Executed on ~~June 24~~, 2020.

/s/ Shawn Miller
An employee of Krieger Law Group, LLC

KRIEGER LAW GROUP, LLC
2850 W. Horizon Ridge Pkwy, Suite 200
Henderson, Nevada 89052